```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
SHARON BENTFORD,                     : 09 Civ. 8032 (LTS) (JCF)
                                     :
              Plaintiff,             :      REPORT AND
                                     :      RECOMMENDATION
       - against -                   :
                                     :
THE CITY OF NEW YORK, and POLICE     :
OFFICER "JOHN DOE"                   :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE LAURA T. SWAIN, U.S.D.J.:

The plaintiff, Sharon Bentford, commenced this action in September 2009, alleging that members of the New York City Police Department violated her civil rights by forcibly removing her from the 25th Police Precinct where she had gone to inquire about an accident report for a motor vehicle accident in which she had been involved. Ms. Bentford named as defendants the City of New York and a "John Doe" police officer. The Court initially established a discovery schedule that required fact discovery to be completed by June 10, 2010 and expert discovery by September 1, 2010. (Order dated December 17, 2009). Subsequently, the final discovery deadline was extended to February 10, 2010 at the request of the parties. (Memorandum Endorsement dated Nov. 12, 2010). After that date had passed, my chambers contacted counsel and determined that no individual defendant had been identified and that no discovery had been taken with respect to the City of New York. Accordingly,

1

I issued an Order to Show Cause directing the plaintiff to explain in writing by July 15, 2011 why the case should not be dismissed pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  (Order to Show Cause dated June 28, 2011).  I received no response.

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction.  Rule 41(b) provides in pertinent part that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[A] federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party."  Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991).

Dismissal under Rule 41(b) is a harsh remedy that is only appropriate in extreme circumstances.  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993).  In determining whether dismissal is

2

appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

By failing to engage in discovery that was to be completed in February, the plaintiff stalled this action by at least five months. Moreover, there is no foreseeable end to the current standstill, since it is impossible to know when the plaintiff might reemerge and seek to revive this litigation.

The Order to Show Cause explicitly gave the plaintiff notice that her case was on the brink of dismissal, and therefore she has been properly warned of the consequences of not responding. In addition, the delay created by the plaintiff's refusal to participate discovery is clearly prejudicial. See United States ex rel. Roundtree v. Health and Hospitals Police Department, No. 06 Civ. 212, 2007 WL 1428428, at *1-2 (S.D.N.Y. May 14, 2007) (case dismissed because plaintiff failed to provide court or defendants with contact information); Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (case dismissed because defendant was

prejudiced by <u>pro</u> <u>se</u> plaintiff's failure to comply with defendant's discovery requests).  The plaintiff's non-compliance has left the defendants unable even to begin to prepare this case, since discovery would provide the basic information necessary to proceed.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having her day in court must, in this instance, favor dismissal.  While one case more or less has little impact on the Court's docket, the plaintiff's claim on the Court's time is undermined by her failure to engage in discovery.  <u>See</u> <u>Lediju v. New York City Department of Sanitation</u>, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); <u>Lukensow v. Harley Cars of New York</u>, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

Finally, "no sanction less than dismissal will alleviate the prejudice to defendant[s] of continuing to keep this action open." <u>Amoroso v. County of Suffolk</u>, No. 08 CV 826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (dismissing case for failure to prosecute where plaintiff ignored deadline for joint-pretrial order and failed to respond to communications from defendant and court).  The named defendant has already suffered prejudice in its ability to prepare for trial.  While an adverse inference might in some circumstances be a sufficient remedy, that is not the case here. The plaintiff has failed to engage in discovery, thus preventing the defendant from formulating a defense to her claims.

4

Consequently, while an adverse inference would ultimately be fatal to Ms. Bentford's case, it would be unfair to require the defendant to expend resources to reach the inevitable result of dismissal.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the complaint be dismissed for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Laura T. Swain, Room 755, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 27, 2011

5

Copies mailed this date to:

Pamela S. Roth, Esq.
Law Offices of Pamela S. Roth
9118 Fifth Avenue
Brooklyn, New York 11209

Philip R. Depaul, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007